(No. 3829—)

JAMES A. BUTTERWORTH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1945.*

UNGARO & SHERWOOD AND J. ARTHUR KEALEY, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, James A. Butterworth, is a captain in the Air Corps of the Illinois Reserve Militia. Pursuant to orders of the Adjutant General, Captain Butterworth was on active duty with headquarters at Jacksonville, Illinois, from May 23, 1943, to June 3, 1943. During this period he owned and operated a Waco model airplane, and on May 26, 1943, pursuant to orders, took off in this

plane from an airport at DuQuoin, Illinois, and proceeded to his base at Jacksonville, Illinois.

During this flight, a landing was made to investigate flood conditions, which claimant alleges was in accordance with the instructions of his superior officers. When claimant next attempted to take off, the plane smashed into a ditch and was severely damaged. Subsequently, claimant sold the wreckage for $400.00, and he now seeks an award for the difference between $3,000.00, the alleged value of the plane, and the amount of $400.00, or $2,600.00, or, in the alternative, the sum of $1,746.00, which was the lowest estimate which claimant received for the repair of the plane.

Claimant's complaint, however, fails to state a cause of action. Before claimant can obtain an award against the State, he must show that he comes within the provisions of some law establishing the State's responsibility. The State does not insure the property of an employee used by such employee in his employment. The possibility of such loss or damage is a risk incident to the employment. *Caslyn* vs. *State*, 9 C. C. R. 107; *Hupp* vs. *State*, 10 C. C. R. 360. Claimant's status, in substance, is that of an employee of the State, and the court is not aware of any provision of law by which he can recover for such loss as is alleged in his complaint.

Claim dismissed.